CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 27 2005
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DUNCAN MCNEIL, )<br>Plaintiff, ) | Civil Action No. 7:05cv00439 |
| v. ) | **MEMORANDUM OPINION** |
| UNITED STATES, et al., )<br>Defendants. ) | By: Jackson L. Kiser<br>Senior U.S. District Court Judge |

This matter is before the court on plaintiff's complaint filed pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§ 1361, 1655, 1738, and 2201. Upon review of court records, I find that this action must be dismissed without prejudice pursuant to 28 U.S.C. §1915(g).

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least three civil actions dismissed by the United States District Court for the Eastern District of Washington pursuant to 28 U.S.C. § 1915A(b)(1). See McNeil v. Whaley, et al., Civil Action No. CV-04-371-AAM; McNeil v. Gregoire, et al., Civil Action No. CV-04-372-AAM, and McNeil v. Tighe, et al., Civil Action No. CV-04-379-AAM.[1] The court thus finds that plaintiff has at least three "strikes" within the meaning of 28 U.S.C. §1915(g).

---

[1] In 2004, plaintiff filed more than ten actions in the United States District Court for the Eastern District of Washington which were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. Additionally, by order entered September 9, 2002 plaintiff was declared a vexatious litigant in the Spokane County Superior Court and absent a $20,000 bond and compliance with specific filing instructions he may no longer communicate with that court or the staff by telefax or email. See LA 98-18082-SB.

Because plaintiff has at least three "strikes" within the meaning of § 1915(g), he cannot file this or any other civil action without prepayment of the $250.00 fee required for filing civil actions[2] unless he demonstrates that he is "under imminent danger of serious physical injury." § 1915(g). Plaintiff has filed with his present complaint an in forma pauperis affidavit in an apparent attempt to circumvent the requirement that he prepay the $250.00 filing fee.

In his complaint, plaintiff alleges that the defendants have failed to enforce monetary judgments issued in the United States District Court for the Eastern District of Washington. Plaintiff further raises allegations of denial of due process, "meaningful" access to the courts, and adequate medical treatment by prison officials during his present incarceration in Spokane, Washington.[3] However, having reviewed the complaint, I do not find that McNeil states any claims from which it could be concluded that he is presently at imminent risk of serious physical harm related to an ongoing violation of his constitutional rights.

Based on the foregoing, I am of the opinion that plaintiff has three "strikes" within the meaning of §1915(g) and that he has failed to demonstrate any imminent danger of serious physical harm sufficient to allow him to proceed in forma pauperis without prepayment of the $250.00 filing fee. Accordingly, the plaintiff's request to proceed in forma pauperis on this action shall be denied pursuant to § 1915(g) and this action shall be dismissed.

Furthermore, as this action is no longer pending before this court, plaintiff's motion for

---

[2] This fee is set by statute. See 28 U.S.C. § 1914(a).

[3] The court notes that plaintiff has failed to make any allegations of facts as to these claims against the named defendants. Additionally, as plaintiff is incarcerated in Spokane, Washington and as all events giving rise to these claims arose in Spokane, Washington venue is not proper in the Western District of Virginia. However, as the defendant clearly has three strikes under §1915(g) and plaintiff has alleged no facts to support his claims, the court declines to transfer the matter.

2

appointment of counsel and all other pending motions are denied.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 27th day of July, 2005.

/s/ Jackson L. Kiser
Senior U.S. District Court Judge