CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 25 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DUNCAN MCNEIL,<br>**Plaintiff,** | )<br>) Civil Action No. 7:05cv00439<br>) |
| v. | ) **MEMORANDUM OPINION &**<br>) **ORDER**<br>) |
| UNITED STATES, et al.,<br>**Defendants.** | ) By: Jackson L. Kiser<br>) Senior U.S. District Court Judge |

This matter is before the court upon plaintiff Duncan McNeil's motion for relief from judgment pursuant to Rule 52(b) and 60(b) of the Federal Rules of Civil Procedure, document number 7.[1] By order entered July 27, 2005, this court dismissed his claims without prejudice pursuant to 28 U.S.C. §1915(g). McNeil then filed a motion to amend; it was construed as a motion for reconsideration and denied. McNeil now seeks to have this court alter or amend the order dismissing his complaint. Upon review of the present motion, I conclude McNeil is not entitled to any relief.

Rule 52(b) permits the court to amend its findings on a party's motion within 10 days of the entry of judgment. Fed. R. Civ. P. 52(b). In the July 27, 2005 order, this court found that plaintiff had at least three "strikes" within the meaning of 28 U.S.C. §1915(g) and did not state any claims from which it could be concluded that he was at imminent risk of serious physical harm related to an ongoing violation of his constitutional rights. Therefore, he could not proceed on his claims

---

[1] Plaintiff also states he is seeking modification or amendment of this court's July 27, 2005 order under Rule 58 of the Rules of Civil Procedure. However, Rule 58 speaks to the entry of judgment, not the modification of a judgment. Fed. R. Civ. P. 58. Accordingly, this rule does not provide any basis for relief.

1

without pre-payment of the filing fee. As McNeil did not pre-pay the filing fee, his claims were dismissed. Plaintiff does not challenge the finding that he had three or more cases dismissed pursuant to 28 U.S.C. § 1915A(b)(1), and thus falls under the provisions of § 1915(g), nor has he demonstrated that he is in imminent danger. Accordingly, I will not amend this court's previous findings.

Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Such relief is an extraordinary remedy and should only be invoked on a showing of exceptional circumstances. Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Additionally, "inadvertence, ignorance of the rules, or mistakes construing the rules" and delays caused by the postal service do not usually constitute 'excusable' neglect. Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533-34 (4th Cir. 1996) (quoting Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)).

McNeil has failed to suggest any circumstances which warrant relief. McNeil has not alleged any of the factors listed in Rule 60(b) which would support granting relief, rather, McNeil attempts to argue that this court misapplied the law in dismissing the matter. Whatever the purpose of Rule 60(b) may be, it is not to rehash those issues which have already been addressed in an earlier ruling. CNF Constructors, Inc. v. Dohohoe Construction Co., 57 F.3d 395, 401 (4th Cir. 1995). Therefore, in this instance relief under Rule 60(b) is not appropriate.

Based on the foregoing, McNeil's motions to alter or amend judgment pursuant to Rule 52 and 60(b) of the Federal Rules of Civil Procedure, Document Number 7, is **DENIED**.

The Clerk of the Court is directed to send certified copies of this order to petitioner and

counsel of record for the respondent.

ENTER: This 25TH day of August, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge